IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **PAIGE McIVER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:26-cv-01188** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ASURION INSURANCE SERVICES, INC.,** | ) | **Judge William L. Campbell, Jr.** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND TO DISMISS PLAINTIFF'S CLAIMS OR, IN THE ALTERNATIVE, TO STAY THE ACTION PENDING THE COMPLETION OF ARBITRATION**

Defendant Asurion Insurance Services, Inc. ("Asurion" or "Defendant"), by and through counsel, respectfully submits this Reply in Support of its Motion to Compel Arbitration and to Dismiss Plaintiff's Claims or, in the alternative, to Stay the Action Pending the Completion of Arbitration (the "Motion").

## ARGUMENT

### I. Asurion has supplied the Agreement and a supporting declaration.

Plaintiff correctly notes that Asurion did not attach the Employment, Confidential Information, Invention, Assignment and Arbitration Agreement (the "Agreement") to its Motion. That omission is a curable deficiency, not a basis for denying the Motion outright where, as here, Plaintiff does not dispute that she signed the Agreement. Asurion files the Agreement alongside this Reply as **Exhibit A**. Asurion does not oppose a short, targeted opportunity for Plaintiff to respond to that evidence.

The governing framework is well settled. The movant bears the initial burden to produce evidence sufficient to allow a trier of fact to conclude that the parties entered a contract to arbitrate; only then does the burden shift to the opposing party to place the agreement's validity in genuine dispute. *Boykin v. Fam. Dollar Stores of Mich., LLC*, 3 F.4th 832, 839 (6th Cir. 2021). **Exhibit A** establishes that Plaintiff executed the Agreement on September 18, 2021, and that Asurion is an affiliate of Asurion, LLC, whose "subsidiaries, affiliates, successors or assigns" fall within the Agreement's definition of "Company." *See* **Ex. A** at p. 1.

Plaintiff does not deny that she signed the Agreement. Her sole objection is that the evidence had not yet been filed. It now has been. No evidentiary hearing is warranted absent a genuine, non-speculative dispute of fact, which Plaintiff has not identified. 9 U.S.C. § 4; *Boykin*, 3 F.4th at 837-39.

## II. The EFAA does not apply because Plaintiff has not described conduct that amounts to sexual harassment.

As an initial matter, six of Plaintiff's seven claims arise under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). *See* Compl., Doc. 1. She brings a single claim for retaliation under Title VII; however, this claim does not plead facts constituting sexual harassment. *Id.* This Court has found that "if the sexual harassment claim is subject to dismissal under Rule 12(b)(6), the remaining claims under the ADA will be subject to arbitration." *Bruce v. Adams & Reese, LLP*, No. 3:24-CV-00875, 2025 WL 611071, at *2 (M.D. Tenn. 2025).

*Bruce* holds that where a plaintiff brings multiple claims and one alleges a "conduct constituting a sexual harassment dispute," the EFAA renders the arbitration agreement unenforceable as to the entire case. *Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 382 (6th Cir. 2026). Asurion does not ask the Court to parse Plaintiff's claims individually. But that rule operates only once the case "relates to" a "sexual harassment dispute" in the first instance, which the statute

defines as conduct "alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. §§ 401(4), 402(a); *Bruce*, 168 F.4th at 372.

The plaintiff in *Bruce* alleged a pattern of sexualized comments by her own supervisor, and the court's first task was determining whether those allegations plausibly stated a hostile work environment claim. *Bruce*, 168 F.4th at 372-73. The court had no occasion to decide what is required where, as here, no harassment claim is pleaded, and the reported conduct was directed at persons not alleged to be employees. Courts within the Sixth Circuit test the alleged conduct against Title VII's substantive standards before applying the EFAA. *Woods v. Am. Homes 4 Rent*, No. 3:24-CV-01450, 2026 WL 2236655, at *3 (M.D. Tenn. 2026).

The statute's text controls. A "sexual harassment dispute" is a dispute relating to "conduct that is alleged to *constitute* sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4) (emphasis added). To "constitute" sexual harassment, conduct must be sexual harassment as governing law defines it, and "[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious) do not create an abusive work environment." *Woods*, No. 3:24-CV-01450, 2026 WL 2236655, at *3 (citing *Schelle v. City of Piqua, Ohio*, 2025 WL 1592135 at *4 (6th Cir. 2025)).

In *Memmer v. United Wholesale Mortg.*, the court noted that "Congress presumably understood the distinction between sex discrimination and sexual harassment when it enacted the EFAA" and held that the EFAA does not apply unless Plaintiff has "alleged a plausible sexual harassment claim or at least 'sexual harassment' under Title VII." *Memmer v. United Wholesale Mortg.*, No. 23-CV-10921, 2026 WL 561393, at *7 and *9 (E.D. Mich. 2026). Courts, including the United States Supreme Court, have "distinguished between disparate treatment claims which do not necessarily involve sexual harassment and claims of quid pro quo or hostile work environment

which sound in sexual harassment." *Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 544 (S.D.N.Y. 2024).

*Bruce* described that plausible sexual harassment standard, drawn from *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563 (S.D.N.Y. 2023), as "the prevailing view of federal district courts that have analyzed the EFAA." *Bruce*, 168 F.4th at 375-76. Plaintiff acknowledges this. *See* Pl.'s Response, Doc. 11 at p. 14. Even the more lenient standard of *Diaz-Roa*, requires "that there is a real and nonfrivolous reason to believe that the conduct violates that law against sexual harassment." *Bruce*, 168 F.4th at 376 (quoting *Diaz-Roa*, 757 F. Supp. 3d at 542).

Plaintiff's contrary argument rests on retaliation law: because opposition to discrimination is protected when it rests on "a reasonable and good faith belief that the opposed practices were unlawful," she reasons, Count VII suffices. *See* Pl.'s Response, Doc. 11 at p. 9, 15 (citing *Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634 (6th Cir. 2015)). But *Yazdian* defines when opposition is protected under 42 U.S.C. § 2000e-3(a); it does not define when a dispute is a "sexual harassment dispute" under the EFAA. *Yazdian*, 793 F.3d at 644. Congress tied the EFAA to conduct "alleged to constitute" sexual harassment, not to conduct an employee merely believed to be unlawful. *Woods*, No. 3:24-CV-01450, 2026 WL 2236655, at *3-4. A belief-based standard would sweep in every report of offensive workplace conduct, whether or not it is sexual harassment.

Plaintiff reported two incidents she characterizes as sexual. In the first, Myles described to Plaintiff how he "broke the virginity" of a local restaurant owner. *See* Compl., Doc. 1 at ¶ 42. The restaurant owner is a business proprietor, not an Asurion or franchise employee. In the second, Myles displayed a video of a customer to store employees. *Id.* at ¶ 44. The customer, too, was not an employee and the store employees were the audience shown the video, not its subject. *Id.*

Plaintiff concedes that she "was not the target of the conduct she reported" and that the manager "worked for a franchisee." *See* Pl.'s Response, Doc. 11 at p. 7.

The Complaint does not allege that either incident was directed at an Asurion employee, that any store employee was subjected to harassment by it, or that it altered the conditions of anyone's employment. Actionable hostile environment harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Bruce*, 168 F.4th at 377 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Two isolated incidents on separate store visits, involving persons not alleged to be employees and not alleged to have affected any employee's working conditions, do not satisfy that standard. *See Woods*, No. 3:24-CV-01450, 2026 WL 2236655, at *3-4. Nor has Plaintiff shown even the lower "real and nonfrivolous reason to believe" standard that *Diaz-Roa* requires.

Every decision Plaintiff cites in support of her position involved a plaintiff who was herself a target of harassment. *See* Pl.'s Response, Doc. 11 at p. 8-9. None address conduct directed solely at non-employees. Because Plaintiff has not alleged conduct that "constitutes sexual harassment," this case does not relate to a sexual harassment dispute, and *Bruce*'s rule is not triggered.

Finally, should the Court compel arbitration of any claim, the appropriate remedy is a stay, not dismissal. Asurion's Motion requested dismissal or, in the alternative, a stay. *See* Motion, Doc. 9 at p. 1-2. Because a stay has been requested, dismissal is foreclosed. *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024). Asurion agrees that the action should be stayed under 9 U.S.C. § 3 pending arbitration.

## CONCLUSION

For the foregoing reasons, Asurion respectfully requests that the Court compel Plaintiff to arbitrate all claims asserted in this action and stay this action pending completion of that arbitration.

Respectfully submitted,

*/s/ James A. Crumlin, Jr.*_______________

James A. Crumlin, Jr. (BPR No. 019760)
Brianna Griffin (BPR No. 041449)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
(615) 238-6300 (Phone)
(615) 238-6301 (Facsimile)
jcrumlin@spencerfane.com
bgriffin@spencerfane.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, a true and correct copy of the foregoing was served on the following:

G. Brandon Hall
THE EMPLOYMENT & COMMERCE LAW GROUP
1625 Broadway, Suite 601
Nashville, TN 37203
bhall@eclaw.com

*Counsel for Plaintiff*

*/s/ James A. Crumlin, Jr.*_____