**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **PAIGE MCIVER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:26-cv-01188** |
| **v.** | ) | |
| | ) | |
| **ASURION INSURANCE SERVICES, INC.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**ORDER**

Pending before the Court is Defendant Asurion Insurance Services' Motion to Compel Arbitration and to Dismiss Plaintiff's Claims, or in the Alternative, to Stay the Action Pending the Completion of Arbitration. (Doc. No. 9). Plaintiff filed a Response in Opposition (Doc. No. 11), and Defendant filed a Reply. (Doc. No. 12).

Plaintiff, a former employee of Defendant Asurion, brings several claims against the Defendant for discrimination and retaliation violations under the American Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and under Title VII. (*See generally* Doc. No. 1). Relevant to this Motion, the Title VII claim alleges retaliation after Plaintiff reported conduct by a franchise's employee that she perceived to constitute sexual harassment and racial harassment towards a third-party. (*See Id.* at 250-263).

Defendant raises this Motion on the grounds that Plaintiff "signed a valid, enforceable agreement to arbitrate every claim she now brings in this action." (Doc No. 10 at 1). Defendant asserts that the agreement "expressly and specifically lists Title VII and ADA claims among those subject to arbitration." (*Id.*). Further, that the agreement's catch-all provision covering "any and

all claims under federal, state, and local laws' arising from the employment relationship reaches Plaintiff's FMLA claims as well." (*Id.* at 2).

In response, Plaintiff contends that Section 402(a) of the Ending Arbitration of Sexual Assault and Sexual Harassment Act (EFFA), and *Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 385-86 (6th Cir. 2026), are dispositive and render the agreement unenforceable as to all the claims. (Doc. No. 11 at 6-7). Plaintiff asserts that the EFFA is an exception to the Federal Arbitration Act's (FAA) rule that arbitration agreements are enforced according to their terms. (*Id.* at 6). In particular, Section 402(a) provides that "at the election of the person alleging conduct constituting a sexual harassment dispute," no arbitration agreement shall be enforceable "with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." *See* 9 U.S.C. § 402(a). A sexual harassment dispute is "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4). Where a Plaintiff brings multiple claims and one alleges "conduct constituting a sexual harassment dispute," the EFFA requires that the arbitration agreement is unenforceable as to all claims. *Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 382 (6th Cir. 2026).

This Court finds *Bruce* controls the issue of enforceability of the arbitration agreement as applied to the entire case when a sexual harassment dispute has been alleged. *Bruce,* however, left open the issue of what it means to "allege" such a dispute that would invoke the EFFA in the first place. *Id.* at 376. There, Sixth Circuit described two prevailing theories. *Id*. The first, as used by the district court and articulated in *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023), states that the term "allege" should be understood in accordance with the traditional plausibility pleading standard as established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544 (2007). *See Bruce,* 168 F.4th at 375-76 (citing *Yost*, 657 F. Supp. 3d at 585). Under this standard, a claim has facial plausibility "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yost*, 657 F. Supp. 3d at 577 (citing *Iqbal,* 556 U.S. at 678). Alternatively, the Sixth Circuit recognized that some courts have required only that "the conduct must be actually alleged and with sufficient specificity that the court is able to determine the law that is applicable and that there is a real and nonfrivolous reason to believe that the conduct violates that law against sexual harassment." *Bruce,* 168 F.4th at 376 (citing *Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 542 (S.D.N.Y. 2024)).

Based on the foregoing authority and positions presented in the parties' briefs, the parties shall file supplemental briefs addressing the following issues in light of *Bruce* and Section 402(a) of the EFFA: (1) in the context of a Title VII retaliation claim for reporting what was perceived to be sexual harassment, which of the standards identified in *Bruce* applies to the interpretation of the term "allege;" (2) whether the Complaint, as alleged, satisfies that standard.

On or before November 2, 2026, the parties shall file their respective briefs, not to exceed 15 pages addressing these issues. The parties shall have leave to file responses, not to exceed 5 pages, by November 9, 2026.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE