**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **PAIGE McIVER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:26-cv-01188** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ASURION INSURANCE SERVICES, INC.,** | ) | **Judge William L. Campbell, Jr.** |
| | ) | |
| **Defendant.** | ) | |

---

**DEFENDANT'S SUPPLEMENTAL BRIEF ON THE MEANING OF "ALLEGE" UNDER THE ENDING FORCED ARBITRATION OF SEXUAL ASSAULT AND SEXUAL HARASSMENT ACT**

---

Defendant Asurion Insurance Services, Inc. ("Asurion" or "Defendant"), by and through counsel, respectfully submits this Supplemental Brief in Response to the Court's October 27, 2026 Order (Doc. 13). The Court asked (1) which standard identified in *Bruce v. Adams & Reese, LLP*, 168 F.4th 367 (6th Cir. 2026), governs the term "allege" in the Ending Forced Arbitration of Sexual Harassment Act ("EFAA"), 9 U.S.C. §§ 401-402, in the context of a Title VII retaliation claim for reporting what was perceived to be sexual harassment; and (2) whether the Complaint, as alleged, satisfies that standard.

**SUMMARY**

The plausibility standard of *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563 (S.D.N.Y. 2023) governs. The EFAA asks whether a dispute relates to conduct "alleged to constitute sexual harassment under applicable Federal … law." 9 U.S.C. § 401(4). A pleaded label does not make conduct "constitute" harassment, and a plaintiff who reports harassment directed at someone else is no better position to invoke the Act than one who alleges it directly. The retaliation context does

not lower the bar. It confirms why the bar must be real; if an employee's belief that conduct was harassment was enough, the Act would reach every case in which a plaintiff attaches that word to workplace conduct, and under *Bruce* the consequence is the loss of arbitration for the entire case.

The Complaint does not meet that standard. The conduct Plaintiff reported consists of two isolated incidents by a franchisee's manager, neither directed at her or at any Asurion employee. Taken as true, they do not plausibly amount to sexual harassment under Title VII. The Complaint fails under the more lenient *Diaz-Roa* standard as well. No sexual harassment dispute has been alleged, the EFAA does not apply, and the Agreement requires arbitration of every claim in the case.

## <u>BACKGROUND</u>

Plaintiff asserts seven counts: four under the Americans with Disabilities Act, two under the Family and Medical Leave Act, and one under Title VII. (*See generally* Doc. 1). The Title VII claim, Count VII, alleges retaliation only. (*Id.* ¶¶ 246-266). The Complaint asserts no hostile work environment claim and no claim of sexual harassment against Asurion, and Plaintiff confirms that "[n]o one asserts that claim here." (Doc. 11 at 9).

Count VII rests on three statements Plaintiff reported in early 2025. Plaintiff worked as an Asurion Sales Enablement Market Manager covering locations in Florida, Louisiana, Mississippi, and Alabama, including uBreakiFix stores that operate under the Asurion brand, some of them franchise-owned. (Doc. 1, ¶¶ 27, 31-33, 37-40). She alleges that "a franchise district manager known to Ms. McIver as Myles" operated several franchise-owned Lafayette locations. (*Id.* ¶ 41). She alleges that, "[d]uring one visit," she overheard Myles describe how he "'broke the virginity' of a local restaurant owner." (*Id.* ¶¶ 42-43). "During a later visit," she saw him show "other employees nude videos of a female customer inside the store." (*Id.* ¶¶ 44-45). On the same day,

she overheard him say he wished to "drag [a homeless woman] by her nappy ass head." (*Id.* ¶¶ 46-47). Plaintiff does not rely on that last statement to invoke the EFAA. (Doc. 11 at 9).

Plaintiff does not allege that Myles was her supervisor, that he said or showed anything to her, or that any Asurion employe was the subject of or an audience for his conduct. She does not allege that the conduct affected her work or anyone else's. She concedes that she "was not the target of the conduct she reported" and that the manager "worked for a franchisee." (Doc. 11 at 7). She alleges that she "understood Myles's conduct to be sexual harassment of women and racial harassment" and "reasonably and in good faith believed" it violated Title VII. (Doc. 1, ¶¶ 49-50). She reported the incidents to her supervisor and later to Asurion's Legal and Human Resources departments. (*Id.* ¶¶ 51, 58-59). Count VII alleges "[t]hat conduct constituted sexual harassment and racial harassment" and that Asurion retaliated by changing her reporting line, reassigning locations, questioning her performance, suspending her, and terminating her. (*Id.* ¶¶ 250, 256-261).

## ARGUMENT

### I. The plausibility standard governs the term "allege," including for a retaliation claim premised on reporting perceived harassment.

#### a. *Bruce* supplies the framework, and the Sixth Circuit's reasoning points to plausibility.

The EFAA makes a predispute arbitration agreement unenforceable, at the election of "the person alleging conduct constituting a sexual harassment dispute," "with respect to a case which is filed under Federal, Tribal, or State law and relates to the … sexual harassment dispute." 9 U.S.C. § 402(a). A "sexual harassment dispute" is "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4).

*Bruce* held that a case containing "a plausibly alleged claim of sexual harassment, therefore 'relates to' a 'sexual harassment dispute,'" so that arbitration of the entire case may not be compelled. *Bruce*, 168 F.4th at 383. It expressly left for another day whether the plausibility standard of *Yost*, the "real and nonfrivolous reason to believe" standard of *Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 542 (S.D.N.Y. 2024), or some other standard governs. *Id*. at 376. But the court described plausibility as "the prevailing view of federal district courts that have analyzed the EFAA," noting that "[a]t least on court" had "parted ways" with *Yost* in favor of *Diaz-Roa*, and it resolved the case by asking whether the complaint stated a plausible hostile work environment clam under Rule 12(b)(6). *Id*. at 375-76, 377-82. It left the question open because the plaintiff prevailed under the higher bar and had not argued for a lower one. *Id*. at 376. Plaintiff here does argue for the lower standard, so the question is squarely presented. (Doc. 11 at 4).

The text answers it. Congress defined the dispute by conduct "alleged to constitute sexual harassment under applicable … law." 9 U.S.C. § 401(4). Two features of that phrase matter. First, "allege" is a pleading term, and Congress used it against the settled background that a court credits well-pleaded facts, not "labels and conclusions" or "[t]hreadbare recitals of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An allegation that is merely a conclusion is not an allegation of conduct at all.

Second, the allegation must be that the conduct "constitute[s]" sexual harassment, not that it offended the plaintiff or that she believed it was unlawful. *Parks v. Nordson Med. of NH Inc.*, No. 1:25-CV-138, 2025 WL 2177177, at *6 (E.D. Tenn. 2025). A court cannot decide whether conduct is "alleged to constitute" harassment "under applicable … law" without asking whether the facts alleged, if true, add up to what that law prohibits. That inquiry is the plausibility inquiry.

*See Yost*, 657 F. Supp. 3d at 585 ("[T]he term 'alleged' as used in § 401(4) is best read to implicitly incorporate the plausibility standard.").

District courts in this Circuit applying the Act have reasoned the same way. *See Memmer v. United Wholesale Mortg.*, No. 23-CV-10921, 2026 WL 561393, at *9 (E.D. Mich. 2026) (holding the EFAA does not apply unless the plaintiff has plausibly alleged sexual harassment, and compelling arbitration); *Parks*, No. 1:25-CV-138, 2025 WL 3172844 (E.D. Tenn. 2025) (compelling arbitration where the allegations did not plausibly state sexual harassment); *Claybrook v. Freightliner of Arizona, LLC*, No. 3:25-CV-00633, 2026 WL 1195852, at *13 (M.D. Tenn. 2026) (examining whether the complaint plausibly alleged severe or pervasive, sex-based harassment before ruling on the motion to compel); *Woods v. Am. Homes 4 Rent*, No. 3:24-CV-01450, 2026 WL 2236655, at *3-4 (M.D. Tenn. 2026) (applying the plausibility standard and recommending that arbitration be compelled where a single alleged sexual comment did not plausibly state a harassment claim).

Plaintiff's contrary reading borrows *Diaz-Roa*'s adaption of the standard from *Bell v. Hood*, 327 U.S. 678 (1946), which decides whether a federal court has power to hear a claim. *See Bruce*, 168 F.4th at 376. The Court's power over this case is not in question. (Doc. 1, ¶ 1). The question is which forum decides the merits, and the FAA directs that arbitration agreements be enforced according to their terms unless Congress has provided otherwise. 9 U.S.C. § 2. The EFAA is an exception to that rule, and the party invoking an exception must show how it applies.

Plaintiff may respond that "relates to" is a broad phrase and that the EFAA is remedial. Neither point helps her at this step. The breadth of "relates to" concerns the connection between a case and a sexual harassment dispute, and *Bruce* applied it only after concluding that the complaint contained "a plausibly alleged claim of sexual harassment." *Bruce*, 168 F.4th at 382-383. The Sixth

Circuit did not hold that a case relates to a dispute that has not been plausibly alleged to exist. Nor can a remedial purpose enlarge the threshold the text sets. The Act's protection runs to "the person alleged conduct constituting a sexual harassment dispute," and outside the exception Congress wrote, the FAA's mandate that arbitration agreements be enforced according to their terms remains the rule. 9 U.S.C. § 402(a).

**b. The retaliation context does not lower the standard.**

Asurion acknowledges that courts have held that a retaliation claim premised on reporting sexual harassment can "relate to" a sexual harassment dispute. *See e.g., Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th 74, 92 (2d Cir. 2024); *Rix v. Polsinelli PC*, No. CV 23-03062 (AHA), 2025 WL 2674767, *8-9 (D.D.C. 2025). Those decisions address whether a retaliation claim is a claim that can "relate to" a sexual harassment dispute. They do not address what a plaintiff must allege about the reported conduct to establish that such a dispute exists, and Plaintiff concedes that in each of these cases the plaintiff was herself a target of the harassment. (Doc. 11 at 7-9). Asurion does not ask the Court to hold that a retaliation claim can never invoke the Act. The point is narrower: when it can, the statute requires the same showing as in any other case, namely that the reported conduct is plausibly alleged to constitute sexual harassment.

The statutory text compels that result. The EFAA defines a "sexual harassment dispute" by reference to conduct "alleged to constitute sexual harassment." 9 U.S.C. § 401(4). It says nothing about opposition, retaliation, or an employee's belief. Title VII's opposition clause is different. It protects an employee who opposes a practice she reasonably and in good faith believes is unlawful, even if the practice turns out not to violate the statute. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001); *Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 645-46 (6th Cir. 2015).

As the Sixth Circuit has put, "the operative question is not whether [the complained of] conduct was actually unlawful, but whether Plaintiff held an objectively reasonable and good faith belief as to that effect. *Graf v. Morristown-Hamblen Hosp. Ass'n*, 155 F.4th 578, 589 (6th Cir. 2025) (quoting *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 512 (6th Cir. 2016)). That reasonable-belief doctrine defines when a retaliation claim may succeed. Congress did not import it into the EFAA. Had Congress intended to open the exception to any case in which an employee reasonably believed she had reported harassment, it could have done so. It instead tied the exception to conduct that is alleged to *constitute* harassment. Plaintiff's reliance on *Yazdian* therefore answers a different question: whether Count VII may ultimately succeed on the merits, not whether the EFAA is triggered.

The practical consequences confirm the point. Under *Bruce*, the Act's election reaches the entire case, not just the harassment claim. *Bruce*, 168 F.4th at 382. A plaintiff who invokes it by reporting conduct that she never experienced, by a person who did not work for her employer, affecting no employee's working conditions, would withdraw every claim from arbitration, including claims, such as the disability and leave claims here, that have nothing to do with sexual harassment. Congress did intend for any plaintiff to be able to attach the word "harassment" to workplace conduct she observed. A plausibility requirement ensures that the Act protects the people for whom it was written, and it is the standard courts apply every day to separate well-pleaded facts from conclusions.

Even if the Court concluded that, for a retaliation claim, the relevant allegation is Plaintiff's belief that that the conduct violated Title VII, the answer would be the same. The standard that applies to "allege" remains plausibility, and the question becomes whether the Complaint plausibly alleges that her belief was *objectively reasonable*. As shown below, it does not.

## II. The Complaint does not satisfy the standard.

### a. The Complaint does not plausibly allege conduct that constitutes sexual harassment under Title VII.

Sexual harassment under Title VII means discrimination "because of sex" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations omitted). The inquiry is both subjective and objective, and it looks to all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 22-23.

Title VII is not "a general civility code," and "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotations omitted); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-82 (1998); *see also Williams v. CSX Transp. Co.*, 643 F.3d 502, 512 (6th Cir. 2011) ("isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'"); *Nathan v. Great Lakes Water Auth.*, 992 F.3d 557 568-69 (6th Cir. 2021) (five derogatory comments over roughly fifteen months were not severe or pervasive).

The elements are that the plaintiff belonged to a protected class, was subjected to unwelcome sexual harassment based on sex, the harassment created a hostile work environment, and the employer is liable. *See Bruce*, 168 F.4th at 377-78. At the pleading stage the question is whether the complaint alleges "sufficient 'factual content'" from which the court could "draw the reasonable inference" of such an environment. *Id.* at 377 (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)).

The Complaint does not clear that bar. First, it alleges two incidents, on different visits, by a manager employed by a franchisee. (Doc. 1, ¶¶ 41-45). A comment overheard in a store about a past encounter with a restaurant owner is crude, but it is not directed at anyone in Asurion's workforce and does not describe any employee's working conditions. (*Id.* ¶¶ 42-43). The display of videos of a customer to other store employees is more troubling, but the Complaint does not allege that the videos were shown to Plaintiff or to any Asurion employee, that they were directed at any employee because of sex, or that any employee's work was affected. (*Id.* ¶¶ 44-45). The Complaint describes the audience only as "other employees" and "store employees," and does not allege that any of them worked for Asurion. (*Id.*).

Two isolated incidents of this kind, with no alleged effect on the terms or conditions of anyone's employment, are not the "severe and pervasive" conduct that alters a workplace. *Harris*, 510 U.S. at 21; *Faragher*, 524 U.S. at 788. Courts in this Circuit have rejected comparable or stronger allegations at the pleading stage. *See Parks*, No. 1:25-CV-138, 2025 WL 3172844, at *4 (two incidents two months apart, a vulgar remark and a suggestive gesture directed at the plaintiff herself, did not plausibly allege sexual harassment); *Woods*, 2026 WL 2236655, at *4 ("The alleged single statement made by her coworker comes nowhere near meeting the high threshold for a claim of sexual harassment.").

Second, the Complaint pleads no facts that would make Asurion answerable for the conduct of a franchisee's manager. It alleges only that the stores operate under the Asurion brand, that some are franchise-owned, and that Plaintiff's supervisor said she would speak with Myles. (Doc. 1, ¶¶ 39-41, 53). Plaintiff contends that these allegations support an inference of control under 29 C.F.R § 1604.11(e). (Doc. 1, ¶¶ 39-41, 53). That provision, however, addresses an employer's responsibility for non-employees' acts "with respect to sexual harassment of employees in the

workplace," and the Complaint alleges no harassment of any Asurion employee. 29 C.F.R § 1604.11(e). The Sixth Circuit identified employer liability as an element of a hostile work environment claim. *Bruce*, 168 F.4th at 377-78. Asurion recognizes that Plaintiff will answer that the EFAA turns on conduct rather than on liability. The absence of any factual basis for liability nonetheless bears on whether it is plausible that conduct occurring in a separately owned business, and affecting no Asurion employee, "constitute[s]" sexual harassment under the law that applies to Asurion.

Third, the remaining allegations are conclusions. Plaintiff "understood" the conduct "to be sexual harassment," "believed" it violated Title VII, and alleges that it "constituted sexual harassment." (Doc. 1, ¶¶ 49-50, 250). Those are legal conclusions that the Court need not credit. *Iqbal*, 556 U.S. at 678-79. Plaintiff herself identifies no decision applying the Act to any employee who reported harassment directed at others. (Doc. 11 at 8). That absence is consistent with the Act's focus on employees whose own employment was affected by harassment, which the Complaint does not allege here.

The same result follows if the Court asks whether Plaintiff plausibly alleges a reasonable belief that the conduct was unlawful. In *Clark Cnty. Sch. Dist.*, the Supreme Court held that "[n]o reasonable person could have believed" that a single incident involving a sexual remark violated Title VII, because it was an isolated incident that could not plausibly be thought to alter the terms and conditions of employment. *Clark Cnty. Sch. Dist.*, 532 U.S. at 270-71.

Plaintiff's allegations are no stronger. She describes two isolated incidents on separate visits, neither directed at her nor at any Asurion employee, by a person who did not work for her employer. A reasonable employee would not believe that conduct violated Title VII, and the Complaint offers no facts that make such a belief plausible. The Sixth Circuit requires that the

belief be objectively reasonable, not merely sincere, so Plaintiff's allegation that she "reasonably and in good faith belief" the conduct was unlawful is itself a conclusion. *See Graf*, 155 F.4th at 589; (Doc. 1, ¶ 50). Whether reasonableness is measured under *Yazdian* and *Graf* or under the EFAA, the allegations fall short.

**b. The Complaint falls under the *Diaz-Roa* standard as well.**

Asurion submits that the Court need not reach *Diaz-Roa*, but the result is the same if it does. That standard still requires that "the conduct must be actually alleged and with sufficient specificity that the court is able to determine the law that is applicable and that there is a real and nonfrivolous reason to believe that the conduct violates that law against sexual harassment. *Bruce*, 168 F.4th at 376 (quoting *Diaz-Roa*, 757 F. Supp. 3d at 542). It does not dispense with the substantive law. Even courts applying *Diaz-Roa* recognize that the Act reaches sexual harassment as distinguished from sex discrimination generally, and that the claim must involve a quid pro quo or a hostile work environment based on sex. *See Diaz-Roa*, 757 F. Supp. 3d at 544; *Memmer*, No. 23-CV-10921, 2026 WL 561393 at *7.

The Complaint alleges neither. No one is alleged to have conditioned any employment benefit on sexual favors, and no hostile working environment is alleged for any employee of Asurion, or indeed for Plaintiff. That conduct is "actually alleged" with specificity, but specificity about the words spoken does not supply a reason to believe the conduct violates the law against sexual harassment. The law Plaintiff invokes is Title VII, and nothing in the Complaint gives a real, nonfrivolous reason to believe that two incidents involving a franchisee's manager, in stores that Plaintiff visited periodically, violated it. A conclusory assertion that the conduct "constituted sexual harassment," without facts, does not satisfy even the lower standard. (Doc. 1, ¶ 250).

Asurion recognizes that the *Diaz-Roa* standard is more forgiving than plausibility, and that some courts have applied it generously to retaliation claim. But the Court need not decide that issue, because the Complaint falls short of either.

### III. Because no sexual harassment dispute is alleged, the Agreement governs every claim.

Count VII is the only claim Plaintiff has tied to the EFAA, and the only conduct on which she relies to invoke it is the reported conduct discussed above. (Doc. 11 at 7-9). Without a sexual harassment dispute, the Act does not apply and the FAA requires enforcement of the Agreement according to its terms. Plaintiff's only other objection, that the Agreement was not in the record, has been cured. (*See* Doc. 12). The Agreement expressly lists Title VII and ADA claims and covers "any and all claims under federal, state, and local law" arising from the employment relationship, which includes the FMLA claims. (Doc. 10 at 1-2). Plaintiff has identified no other ground to avoid arbitration of any claim. Count VII, being a Title VII claim, is itself within the Agreement's terms. Whether Count VII may also be dismissed is a question for the arbitrator.

The remaining counts do not depend on Count VII. Counts I through IV arise under the ADA and Counts V and VI under the FMLA. (*See generally* Doc. 1). None alleges sexual harassment, and Plaintiff does not contend otherwise. Their only connection to the EFAA is through *Bruce*'s holding that the Act reaches the entire case once a sexual harassment dispute is plausibly alleged. *Bruce*, 168 F.4th at 382. Where, as here, no such dispute is alleged, those claims are arbitrable under the Agreement's express terms, which list ADA claims and, through the catch-all provision, reach FMLA claims. (Doc. 10 at 1-2).

In the alternative, if the Court concludes that *Diaz-Roa* governs and that the Complaint satisfies it, Asurion respectfully requests leave to test Count VII under Rule 12(b)(6) before the Act is treated as reaching the entire case. *Bruce* itself proceeded in that order. The Sixth Circuit treated

the Rule 12(b)(6) ruling on the harassment claim as central to the appeal, and the arbitration question followed from it. *Bruce*, 168 F.4th at 374. If Count VII does not state a claim, no sexual harassment dispute remains, and Plaintiff's other claims are subject to arbitration.

**CONCLUSION**

For the foregoing reasons, the Court should hold that the plausibility standard governs the term "allege" in the EFAA, including for a Title VII retaliation claim premised on reporting perceived harassment; that the Complaint does not plausibly allege conduct constituting sexual harassment; and that the EFAA therefore does not apply. Asurion respectfully requests that the Court grant its Motion (Doc. 9), compel arbitration of all claims, and dismiss this action or, in the alternative, stay it pending arbitration.

Respectfully submitted,

*/s/ James A. Crumlin, Jr.*

James A. Crumlin, Jr. (BPR No. 019760)
Brianna Griffin (BPR No. 041449)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
(615) 238-6300 (Phone)
(615) 238-6301 (Facsimile)
jcrumlin@spencerfane.com
bgriffin@spencerfane.com

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2026, a true and correct copy of the foregoing was served on the following:

G. Brandon Hall
THE EMPLOYMENT & COMMERCE LAW GROUP
1625 Broadway, Suite 601
Nashville, TN 37203
bhall@eclaw.com

*Counsel for Plaintiff*

*/s/ James A. Crumlin, Jr.*_____