**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **PAIGE McIVER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:26-cv-01188** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ASURION INSURANCE SERVICES, INC.,** | ) | **Judge William L. Campbell, Jr.** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF**

Defendant Asurion Insurance Services, Inc. ("Asurion" or "Defendant"), by and through counsel, respectfully submits this Response to Plaintiff's Supplemental Brief in Response to the Court's October 27, 2026 Order (Doc. 13). Plaintiff's brief confirms three points. First, the Sixth Circuit has not adopted the *Diaz-Roa* standard, and this very Court has applied plausibility. Second, Plaintiff concedes that a reasonable belief is not the test the EFAA sets. Finally, the conduct alleged does not meet the statute on either standard.

## I. No court in this Circuit has applied *Diaz-Roa*, and this Court has applied plausibility to a retaliation claim of this kind.

Plaintiff cites no decision from the Sixth Circuit applying the *Diaz-Roa* standard. *Bruce* called plausibility "the prevailing view of federal district courts that have analyzed the EFAA" and described *Diaz-Roa* as the position of "[a]t least one court." *Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 375-76 (6th Cir. 2026).

The Second Circuit's recent decision in *Diaz-Roa* does not change that. As Plaintiff describes it, the court found the higher standard met and so adopted neither. (Doc. 15 at 3). Each decision Plaintiff discusses from this Circuit applied plausibility or Rule 12(b)(6): *Parks v. Nordson Med.*

*of NH Inc.*, No. 1:25-CV-138, 2025 WL 2177177, at *6 (E.D. Tenn. 2025) (refusing to apply EFAA because Plaintiff did not state plausible claim for sexual harassment); *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 413 (6th Cir. 2025) (considering whether a plaintiff's sexual harassment claim must be plausible); *Woods v. Am. Homes 4 Rent*, No. 3:24-CV-01450, 2026 WL 2236655, at *4 (M.D. Tenn. 2026), *report and recommendation adopted*, No. 3:24-CV-01450, 2026 WL 2233820 (M.D. Tenn. 2026) (refusing to apply the EFAA because Plaintiff did not state plausible claim for sexual harassment).

*Woods* matters most because it arose in the setting the Court identified. Plaintiff acknowledges that this Court adopted the report and recommendation in *Woods*, where, as Plaintiff describes it, the plaintiff argued that her retaliation claims stemmed from a sexual harassment report, and that the magistrate judge found the reported comment did not plausibly allege sexual harassment. (*Id.* at 9). That the parties did not debate *Yost* and *Diaz-Roa* does not change what standard the Court applied to a retaliation claim premised on a harassment report.

Plaintiff's remaining objections to plausibility do not withstand scrutiny. She argues that no harassment claim is pleaded and no Rule 12(b)(6) motion is pending. (Doc. 15 at 6). That confuses the standard with the procedural vehicle. Plaintiff herself acknowledges that *Bruce* treated the Rule 12(b)(6) standard as "central to this appeal" because a plaintiff must "allege" the dispute to invoke the Act. (*Id.*); *Bruce*, 168 F.4th at 375. That is equally true here. Her policy argument responds to a point Asurion did not make. Asurion's position rests on the statutory text.

**II. Plaintiff's reading drops "constitute" from the statute and substitutes Title VII's reasonable-belief element for the EFAA's test.**

9 U.S.C. § 401(4) reaches conduct "alleged to constitute sexual harassment under applicable … law." Plaintiff emphasizes "alleged" and passes over "constitute." (Doc. 15 at 3). Her own authority shows why this matters. The regulation she quotes treats unwelcome conduct of a sexual

nature as sexual harassment when "such conduct has the purpose or effect of … creating an intimidating, hostile, or offensive working environment." 29 C.F.R. § 1604.11(a) (quoted at Doc. 15 at 4). Conduct of a sexual nature is therefore not enough. It must be alleged to have that purpose or effect, and facts, not a label, must support the allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Plaintiff concedes as much when she acknowledges that a report of "general rudeness" would not qualify. (Doc. 15 at 8). The only dispute is how closely the Court examines the allegation. The plausibility standard answers that question, and it is the standard the courts in this Circuit apply.

Plaintiff also concedes that the reasonable-belief element of a retaliation claim "is not the same question" as the one the EFAA asks. (Doc. 15 at 8). That concession should end her argument in Section III.A of her Brief, which argues that Count VII plausibly pleads a reasonable belief. That argument tests an element of Count VII; it does not test whether any conduct is alleged to constitute sexual harassment. Congress did not write the EFAA to apply whenever an employee holds a reasonable belief that she reported harassment.

Plaintiff's "odd result" is not odd at all. (Doc. 15 at 8). Title VII's opposition clause protects employees who report conduct that constitutes sexual harassment. *See* 42 U.S.C. § 2000e-3(a). They are different statutes serving different purposes. The belief at issue would also have to be objectively reasonable, and Plaintiff's brief offers no answer to Asurion's showing that it was not. *See Graf v. Morristown-Hamblen Hosp. Ass'n*, 155 F.4th 578, 589 (6th Cir. 2025).

**III. The Complaint fails under either standard.**

Plaintiff's principal new argument is that offensive conduct "need not be directed at a plaintiff." (Doc. 15 at 2) (citing *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321 (6th Cir. 2008). *Hawkins* considers harassment a plaintiff encounters "during the course of his or her employment,"

as Plaintiff's own quotation shows. (Doc. 15 at 12); *Hawkins*, 517 F.3d at 336. Plaintiff does not allege that she worked in Myles's stores. She alleges that she visited them as an Asurion representative. (Doc. 1, ¶¶ 33, 38). She does not allege that anyone showed her the videos, that they were directed at any Asurion employee, or that they affected her work or anyone else's. By her own account, the environment she identifies is "the store's workplace," which is a franchisee's workplace, not Asurion's. (Doc. 15 at 14).

Plaintiff's employer-responsibility argument fails for the same reason. 29 C.F.R. § 1604.11(e) concerns "sexual harassment of employees in the workplace." The Complaint alleges no harassment of any Asurion employee. Plaintiff cannot rely on Asurion's control over Myles to show an actionable environment while insisting that Asurion's responsibility for him is irrelevant. (Doc. 15 at 11). If the franchisee's conduct is charged to Asurion, the Complaint must plead facts supporting control. It pleads only a shared brand and a supervisor who said he would speak with Myles. (Doc. 1, ¶¶ 39-41, 53). If it is not charged to Asurion, then the Complaint alleges no workplace of Asurion's in which harassment occurred.

*Breeden* does not help Plaintiff. It confirms that "isolated incidents" must be "extremely serious" to alter the terms and conditions of employment. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001). Plaintiff offers only the label "extremely serious" for two incidents on separate visits. She alleges no effect on any employee and no complaint from any employee who saw the videos.

Plaintiff acknowledges that *Memmer* found that the plaintiff there "fail[ed] to meet even the lower bar," although the emails at issue were sent to her. (Doc. 15 at 10). The conduct here, directed at no one in Asurion's workforce, fares no better. Nor does Plaintiff's "common sense" argument that the videos created an "offensive working environment," (*Id*. at 14). Offensiveness is not the

test. Conduct must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations omitted). The Court also need not accept Plaintiff's characterization of the incidents as harassment. (Doc. 1, ¶¶ 49-50, 250).

## IV. Plaintiff's request for leave to amend is not properly before the Court.

Plaintiff asks, in the last pages of her Brief, for fourteen days to move for leave to amend in the case the "Court concludes the Complaint does not meet the governing standard." (Doc. 15 at 14-15). A request embedded in a brief is not a motion. *Hill v. Fort Loudoun Elec. Co-op.*, 782 F. Supp. 2d 587, 592-93 (E.D. Tenn. 2011), *aff'd on other grounds*, 493 F. App'x 638 (6th Cir. 2012) ("A motion must be filed as a separate, freestanding document.").

Ignoring the fact that Plaintiff's Complaint already contains 266 allegations, the Order directed the parties to address whether "the Complaint, as alleged," satisfies the standard. (Doc. 13 at 3). Plaintiff identifies no fact she would add, and her election under Section 402(a) rests on the Complaint she filed. If the Court permits a motion, Asurion requests that Plaintiff be required to attach the proposed pleading, and Asurion reserves all objections, including futility.

Plaintiff also asks the Court to decline Asurion's alternative request for leave to test Count IV under Rule 12(b)(6). (Doc. 15 at 6). That request applies only if the Court adopts *Diaz-Roa* and finds it satisfied. Because Count VII's protected-activity element depends on whether Plaintiff reasonably believed the reported conduct violated Title VII, testing it overlaps with the question the Court has asked, and *Bruce* itself proceeded in that order.

## CONCLUSION

For the foregoing reasons, the Court should apply the plausibility standard, hold that the Complaint does not allege conduct constituting sexual harassment, and grant Asurion's Motion to Compel Arbitration.

Respectfully submitted,

*/s/ James A. Crumlin, Jr.*________________

James A. Crumlin, Jr. (BPR No. 019760)
Brianna Griffin (BPR No. 041449)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
(615) 238-6300 (Phone)
(615) 238-6301 (Facsimile)
jcrumlin@spencerfane.com
bgriffin@spencerfane.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2026, a true and correct copy of the foregoing was served on the following:

G. Brandon Hall
THE EMPLOYMENT & COMMERCE LAW GROUP
1625 Broadway, Suite 601
Nashville, TN 37203
bhall@eclaw.com

*Counsel for Plaintiff*

*/s/ James A. Crumlin, Jr.*_____