IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **PAIGE McIVER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:26-cv-01188** |
| | ) | |
| **v.** | ) | **Chief Judge William L. Campbell, Jr.** |
| | ) | |
| **ASURION INSURANCE SERVICES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF ON THE MEANING OF "ALLEGE" (DOC. 14)**

---

Plaintiff Paige McIver responds to Defendant's Supplemental Brief (Doc. 14) as permitted by the Court's Order of October 27, 2026. (Doc. 13 at 3). Her own supplemental brief answers most of Asurion's arguments. (Doc. 15). This response addresses the points it does not.

## I. Asurion's concessions leave one question under *Diaz-Roa*.

The *Diaz-Roa* standard asks three things. Is the conduct actually alleged with specificity? Can the applicable law be identified? Is there a real and nonfrivolous reason to believe the conduct violates that law? *Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 376 (6th Cir. 2026).

Asurion concedes the first two. It agrees the conduct "is 'actually alleged' with specificity." (Doc. 14 at 11). It agrees "[t]he law Plaintiff invokes is Title VII." (*Id.*). It also agrees *Diaz-Roa* "is more forgiving than plausibility," and that some courts have "applied it generously to retaliation claim[s]." (*Id.* at 12).

Only the third question remains. Asurion answers it with the test for an actionable claim: whether the conduct was "sufficiently severe or pervasive." (*Id.* at 8-9). That is the merits question

*Diaz-Roa* reserves. *Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 533 (S.D.N.Y. 2024). The regulation defines the conduct itself by its "purpose or effect" of "creating an intimidating, hostile, or offensive working environment." 29 C.F.R. § 1604.11(a). A manager showing nude videos of a female customer to employees inside a store gives a real and nonfrivolous reason to believe the conduct is sexual harassment. (Doc. 1 ¶¶ 44-45).

**II. The Act asks what conduct is alleged, not whom it targeted or where.**

Asurion "does not ask the Court to hold that a retaliation claim can never invoke the Act." (Doc. 14 at 6). Its argument instead adds conditions the text does not contain. It stresses the conduct was not directed at Ms. McIver "or at any Asurion employee," and did not "describe any employee's working conditions." (*Id.* at 2, 9).

The statute has no target requirement. The election belongs to "the person alleging conduct constituting a sexual harassment dispute." 9 U.S.C. § 402(a). It does not belong only to the person harassed. The dispute is one "relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4). Congress did not limit the conduct to harassment of the plaintiff, of the defendant's own employees, or in the defendant's own workplace.

Asurion describes the stores as ones "Plaintiff visited periodically." (Doc. 14 at 11). She visited them to do her job, as Asurion's primary representative for her assigned sites. (Doc. 1 ¶¶ 33, 37-38). A factfinder may consider harassment of which a plaintiff becomes aware "during the course of his or her employment, even if the harassing acts were directed at others." *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 336 (6th Cir. 2008).

Asurion notes Ms. McIver identified no decision applying the Act to an employee who reported harassment of others. (Doc. 14 at 10). Such decisions exist. The Act "applies to retaliation claims brought, not only by victims, but also by reporters of workplace sexual harassment,"

because its text "does not contain any limitation of its scope to victims." *Cook v. Stanley G. Alexander, Inc.*, 349 Or. App. 73, 77 (2026). Federal courts agree. *Lambert v. New Start Capital LLC*, 799 F. Supp. 3d 258, 281 (S.D.N.Y. 2025) (employee fired after reporting a manager's harassment of a coworker); *Usai v. Club Mgmt. Miami II, LLC*, 801 F. Supp. 3d 1295, 1308 (S.D. Fla. 2025) (employees who opposed harassment of female colleagues).

Title VII protects the witness for the same reason. The Sixth Circuit affirmed a retaliation verdict for a male coworker who opposed a supervisor's harassment of women. *EEOC v. New Breed Logistics*, 783 F.3d 1057, 1061, 1071 (6th Cir. 2015). The opposition clause has "no qualification on who the individual doing the complaining may be." *Id.* at 1068 (quoting *Warren v. Ohio Dep't of Pub. Safety*, 24 F. App'x 259, 265 (6th Cir. 2001)). Without that protection, "prudent employees would have a good reason to keep quiet about Title VII offenses against themselves or against others." *Crawford v. Metro. Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 279 (2009). Ms. McIver did not keep quiet. (Doc. 1 ¶¶ 51, 58-59).

Asurion also anticipates the Act turns on conduct, not on employer liability. (Doc. 14 at 10). Its only reply is that liability "bears on" plausibility. (*Id.*). But Count VII does not charge Myles's conduct to Asurion. It charges Asurion with its own retaliation. (Doc. 15 at 11).

Last, Asurion objects the Act would reach the disability and leave claims. (Doc. 14 at 7). That is the result *Bruce* requires, and this Court has held *Bruce* controls. (Doc. 13 at 2). The breadth of the remedy is Congress's choice. The presumption favoring arbitration "does not govern statutory interpretation." *Bruce*, 168 F.4th at 384.

**III. Asurion's request to test Count VII contradicts its own position.**

Asurion says "[w]hether Count VII may also be dismissed is a question for the arbitrator." (Doc. 14 at 12). In the next paragraph, it asks this Court for leave to test Count VII under Rule 12(b)(6). (*Id.* at 12-13). It cannot have both.

The request also conflicts with Asurion's reading of the statute. Asurion says the reasonable-belief doctrine "defines when a retaliation claim may succeed," and "Congress did not import it into the EFAA." (*Id.* at 7). Yet Asurion's attack on Count VII is that Ms. McIver did not reasonably believe the reported conduct was unlawful. (*Id.* at 10-11). If that element is not the Act's question, a Rule 12(b)(6) ruling on it cannot answer the Act's question. If it is, Ms. McIver's brief shows the element is met. (Doc. 15 at 12-14).

**IV. Asurion's district court decisions do not resolve the question.**

Asurion cites *Parks* for the rule the allegation must be that the conduct "constitute[s]" sexual harassment, "not that it offended the plaintiff or that she believed it was unlawful." (Doc. 14 at 4). *Parks* does not say that. It applied plausibility to a pro se plaintiff's own harassment claim, based on two incidents aimed "directly at" her. *Parks v. Nordson Med. of NH Inc.*, No. 1:25-cv-138, 2025 WL 2177177, at *5-6 (E.D. Tenn. July 31, 2025). It did not discuss an employee's belief, a retaliation theory, or *Diaz-Roa*. *Id.* It took its standard from the district court's description of the majority view in *Bruce*, before the Sixth Circuit left the question open. *Id.* at *5.

Asurion also relies on *Woods*. (Doc. 14 at 5, 9). This Court adopted that report and recommendation after noting no objections were filed, without separate analysis. *Woods v. Am. Homes 4 Rent*, No. 3:24-cv-01450, 2026 WL 2233820, at *1 (M.D. Tenn. Aug. 3, 2026). The Sixth Circuit, by contrast, has twice left the standard open. In *Memmer*, it listed "must plaintiff's sexual harassment claim be 'plausible' to remain in court?" among the questions for remand. *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 413 (6th Cir. 2025). In *Bruce*, it left the question "for another day." 168 F.4th at 376.

### V. The formation objection is preserved.

Ms. McIver's formation objection is preserved, not cured: Doc. 12 promised "a supporting declaration," but Doc. 12-1 is the Agreement alone, and no evidence shows Defendant is an affiliate of Asurion, LLC. (Doc. 12 at 1; Doc. 12-1 at 2; Doc. 11 at 4-5).

## CONCLUSION

The *Diaz-Roa* standard governs. Asurion's concessions leave one question: whether there is a real and nonfrivolous reason to believe the reported conduct was sexual harassment. There is. Ms. McIver respectfully requests the Court deny Defendant's Motion in its entirety. In the alternative, she asks the Court to allow fourteen days to file a motion under Rule 15(a)(2), with a proposed amended complaint attached. (Doc. 15 at 14-15).

Respectfully submitted,

**THE EMPLOYMENT & COMMERCE LAW GROUP**

*/s/ G. BRANDON HALL*________________________
G. BRANDON HALL, BPR No. 034027
1625 Broadway, Suite 601
Nashville, Tennessee 37203
(615) 850-0632
bhall@eclaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system this 9th day of November 2026 to the following:

James A. Crumlin, Jr. (BPR No. 019760)
Brianna Griffin (BPR No. 041449)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
jcrumlin@spencerfane.com
bgriffin@spencerfane.com

*/s/ G. Brandon Hall*
G. Brandon Hall