IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **PAIGE McIVER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ASURION INSURANCE SERVICES, INC.,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 3:26-cv-01188**<br><br>**Chief Judge William L. Campbell, Jr.** |

---

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

---

Plaintiff Paige McIver gives notice of two decisions issued after the parties completed the supplemental briefing ordered on October 27, 2026. (Doc. 13; Docs. 14-17). Both bear on the first question the Court posed: which standard governs whether a plaintiff has "allege[d]" a sexual harassment dispute under 9 U.S.C. §§ 401(4) and 402(a). (Doc. 13 at 3). Copies are attached as Exhibits 1 and 2.

### I. *Holland-Thielen v. SpaceX* (9th Cir. Nov. 10, 2026)

The Ninth Circuit rejected the argument § 401(4) incorporates the federal pleading standard. *Holland-Thielen v. SpaceX*, --- F.4th ---, No. 25-4811, 2026 WL 3403297, at *5-8 (9th Cir. Nov. 10, 2026) (2-1 decision); *see id.* at *11-20 (Tung, J., dissenting). Asurion makes that argument here. (Doc. 14 at 4-5). "Because the word 'allege' requires only an assertion, which may or may not eventually be proven meritorious, § 401(4)'s plain terms are not limited to conduct that certainly amounts to sexual harassment." *Holland-Thielen*, 2026 WL 3403297, at *5. Instead, "courts must determine whether the plaintiff's complaint describes conduct asserted to be a basis for a sexual harassment claim." *Id.*

The court then applied that reading to retaliation. The eight plaintiffs were fired after sending management a letter calling the sexually explicit social media posts of the company's founder sexual harassment. *Id.* at *2-3. The only claim common to all eight was retaliatory termination. *Id.* at *3. By alleging retaliation for opposing conduct they asserted was sexual harassment, the plaintiffs "alleg[ed] conduct constituting" a sexual harassment dispute. *Id.* at *10. Each plaintiff's retaliation claim invoked the Act for the "entire case." *Id.* at *11.

The court also rejected the argument the plaintiffs had to show they opposed conduct "that was actually sexual harassment" under the law. *Id.* It called that argument "simply a repackaging" of the pleading-standard argument it had already rejected. *Id.* Asurion makes the same argument here. (Doc. 14 at 4, 9-11).

Ms. McIver's Complaint describes conduct she asserts was sexual harassment, and it alleges Asurion retaliated against her for reporting it. (Doc. 1 ¶¶ 42-45, 49-51, 58-59, 246-266). That satisfies the reading adopted in *Holland-Thielen*. It also satisfies the *Diaz-Roa* standard Ms. McIver asked the Court to apply. (Doc. 15 at 2-13).

**II. *Lassoued v. Carnival Corp.* (S.D. Fla. Nov. 19, 2026)**

Nine days later, the Southern District of Florida denied a motion to compel arbitration, relying in part on *Holland-Thielen*. *Lassoued v. Carnival Corp.*, No. 26-cv-24759-RAR, 2026 WL 3562820, at *4, *6-7 (S.D. Fla. Nov. 19, 2026). The court held "a sexual harassment dispute is formed by allegations of conduct (i.e., the facts), not the cause of action." *Id.* at *4. It declined to follow *Yost* and the decisions applying it, because they "effectively add a condition that does not exist in § 401(4)'s text." *Id.* at *5. It also held a dispute over retaliation after reporting sexual harassment falls within § 401(4). *Id.* at *6-7.

Ms. McIver submits these decisions for the Court's consideration of Defendant's pending Motion. (Doc. 9).

Respectfully submitted,

**THE EMPLOYMENT & COMMERCE LAW GROUP**

*/s/ G. BRANDON HALL*______________________
G. BRANDON HALL, BPR No. 034027
1625 Broadway, Suite 601
Nashville, Tennessee 37203
(615) 850-0632
bhall@eclaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system this 20th day of November 2026 to the following:

James A. Crumlin, Jr. (BPR No. 019760)
Brianna Griffin (BPR No. 041449)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
jcrumlin@spencerfane.com
bgriffin@spencerfane.com

*/s/ G. Brandon Hall*
G. Brandon Hall