**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **PAIGE McIVER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ASURION INSURANCE SERVICES, INC.,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:26-cv-01188**<br><br>**District Judge William L. Campbell, Jr.**<br>**Magistrate Judge Lynda M. Hill** |

**<u>PROPOSED INITIAL CASE MANAGEMENT ORDER</u>**

The Court conducted the initial case management conference on November 30, 2026. Counsel participating in the conference were G. Brandon Hall for Plaintiff and James A. Crumlin, Jr. and Brianna Griffin for Defendant. Having reviewed the parties' proposed initial case management order (Doc. No. 19), considered the parties' discussions during the conference, and pursuant to Local Rule 16.01, the Court adopts the following case management schedule and plan.

A. JURISDICTION AND VENUE. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), 42 U.S.C. §§ 2000e-5(f)(3) and 12117(a), and 29 U.S.C. § 2617(a)(2). Jurisdiction is not disputed. Venue is not disputed.

B. CONSENT TO MAGISTRATE JUDGE. The parties were reminded of their option to consent to final disposition by the Magistrate Judge pursuant to 28 U.S.C. §636(c), Fed. R. Civ. P. 73, and Local Rule 73.01.

C. BRIEF THEORIES OF THE PARTIES.

1. <u>Plaintiff</u>. Asurion employed Ms. McIver from August 2021 until May 14, 2025, most recently as a Sales Enablement Market Manager. In early 2025, she reported sexual and racial

harassment she witnessed by a uBreakiFix franchise district manager. She reported it to her supervisor and then to Asurion's Legal and Human Resources departments. After her report, Asurion increased its scrutiny of her work and reassigned her locations.

On April 25, 2025, Asurion accused Ms. McIver of smelling of marijuana and alcohol at work. She denied it and agreed to a drug test. The behaviors Asurion cited are symptoms of her generalized anxiety disorder. After the call, she suffered a panic attack, lost consciousness, and was taken to the emergency department, where she applied for FMLA leave. Within two hours, Asurion locked her out of the system holding the consent form it demanded and suspended her without pay. Asurion later approved FMLA leave through May 13, 2025. Her provider certified she remained incapacitated and set a reassessment for June 2, 2025. Asurion terminated her employment on May 14, 2025, citing its drug and alcohol policy and a failure to consent to testing. Asurion never administered a test.

2. Defendant. Defendant denies any and all allegations of wrongdoing and liability. First, as it relates to Plaintiff's disability discrimination under the Americans with Disabilities Act claim, Defendant maintains that it did not terminate Plaintiff's employment based on her alleged disability. In addition, as it relates to Plaintiff's failure to accommodate claim, Defendant denies that it terminated Plaintiff rather than granting the accommodation and denies that it denied Plaintiff a reasonable accommodation. Regarding Plaintiff's claim for failure to engage in the interactive process claim, Defendant denies that it terminated Plaintiff instead of engaging with her or that it caused the breakdown of the interactive process. Additionally, as it relates to Plaintiff's retaliation under the Americans with Disabilities Act claim, Defendant maintains that it did not terminate Plaintiff's employment because she requested a reasonable accommodation. Regarding Plaintiff's claim for interference with the Family and Medical Leave Act claim,

Defendant maintains that it did not deny or interfere with the benefits Plaintiff was entitled to. Regarding Plaintiff's claim for retaliation in violation of the Family and Medical Leave Act claim, Defendant denies that it terminated Plaintiff because she requested leave. Finally, Defendant denies that it retaliated in violation of Title VII of the Civil Rights Act of 1964 as it maintains that it did not terminate Plaintiff because she made any report.

D. ISSUES RESOLVED. Service of process, jurisdiction and venue.

E. ISSUES STILL IN DISPUTE. Liability and damages. Defendant's Motion to Compel Arbitration (Doc. No. 9) is pending. Plaintiff contends the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, 9 U.S.C. §§ 401-402, renders the arbitration agreement on which Defendant relies unenforceable as to the entire case.

F. FRCP 26(f) CONFERENCE. The parties held a Rule 26(f) discovery conference on **November 24, 2026**.

G. FRCP 26 INITIAL DISCLOSURES. The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), on or before **December 30, 2026**.

H. FRCP 15 AMENDMENTS OR ADDITION OF PARTIES. Any motions to amend or to add parties must be filed by no later than **April 2, 2027**, and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must clearly and conspicuously state that the amended pleading is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

I. FACT DISCOVERY.

1. <u>Effect of Pending Motions</u>. Discovery is not stayed during the pendency of dispositive or

other motions, unless ordered by the Court.

2. Written Discovery and Fact Witness Depositions. No later than **August 20, 2027**, the parties must (i) complete all written discovery and depose all fact witnesses and (ii) bring all discovery disputes to the Court's attention, unless otherwise permitted by the Court. Written discovery and scheduling of depositions must proceed promptly. Requests for admission under Fed. R. Civ. P. 36 are considered written discovery for purposes of this section. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

J. EXPERT DISCOVERY.

1. Plaintiff: The plaintiff must identify and disclose all expert witnesses and expert reports on or before **June 11, 2027**.

2. Defendant: The defendant must identify and disclose all expert witnesses and reports on or before **July 16, 2027**.

3. Expert Depositions. By no later than **August 20, 2027**, the parties must (i) complete all expert depositions and (ii) bring all expert-related discovery disputes to the Court's attention, unless otherwise permitted by the Court.

4. Supplemental Expert Disclosures. Supplemental expert disclosures are governed by Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local R. 39.01(c)(5)(C).

5. Rebuttal Experts. Rebuttal experts and reports shall be permitted only by leave of court.

K. ELECTRONIC DISCOVERY. The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties must be reduced to writing and must, by the initial disclosures deadline, be (i) filed as a stipulation of agreed-upon electronic discovery procedures or (ii) if the parties request court approval, submitted as proposed agreed

order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

L. DISCOVERY DISPUTES. The Court expects all parties and their counsel to cooperate during discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

1. Resolution Efforts. Discovery disputes may not be brought to the Court for resolution until lead counsel for all parties have conducted an in-person[1] meeting and made a good-faith effort to resolve any disputes.

2. Joint Motion for Discovery Conference. Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by filing a joint motion for a discovery conference and an accompanying joint discovery dispute statement.

3. Joint Discovery Dispute Statement. The joint discovery dispute statement may be no more than three (3) pages[2] per affected party, per issue. The statement must identify and describe the specific discovery request(s) in dispute and detail each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. A discovery conference will not be held until a compliant joint statement is filed.

4. Discovery-Related Motions. It is within the Magistrate Judge's discretion whether to allow

[1] This is an explicit requirement. It does not mean meeting by telephone, videoconference, or by any means other than in person.

[2] To be filed in compliance with Local Rule 7.03.

the filing of discovery-related motions after a discovery conference. If discovery-related motions are allowed, and if the joint discovery dispute statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01 but must clearly state in the filing that the joint statement is adopted as the party's memorandum of law or response.

M. DISPOSITIVE MOTIONS.

1. Motions to Dismiss. Motions to dismiss pursuant to Fed. R. Civ. P. 12 must be filed and briefed in accordance with that rule and with Local Rule 7.01.

2. Motions for Summary Judgment. Motions for summary judgment pursuant to Fed. R. Civ. P. 56 must be filed and briefed in accordance with that rule and with Local Rule 56.01.

a. Deadline. Motions for summary judgment must be filed on or before **October 22, 2027**.

b. Responses. Responses to motions for summary judgment must be filed within **twenty-eight (28) days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages.

c. Statement of Undisputed Material Facts and Response. Before filing or responding to a summary judgment motion, attorneys are required to read and comply with Local Rule 56.01(c) and Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and response to ensure that each is a concise, focused, and non-argumentative statement of facts (not opinions, arguments, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

d. Partial Motions for Summary Judgment. Motions for partial summary judgment shall not

be filed without leave of Court. Any party wanting to file a motion for partial summary judgment must first file a separate motion seeking leave to do so and must provide the basis for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

N. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS. The parties are encouraged to make settlement efforts throughout the pendency of this case and must make a minimum of two independent, substantive attempts at resolution. The parties' compliance with this case resolution plan is not optional. The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their compulsory obligations under this case resolution plan.

1. First Attempt. By no later than **March 26, 2027**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. The parties must have conducted sufficient discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.

2. Second Attempt. The parties' second attempt must be by mediation.

a. Joint Notice of Mediation. Promptly upon selection of a mediator and scheduling of mediation, and by no later than **August 13, 2027**, the parties must file a joint notice of mediation, which confirms their selection of a mediator, the identity of the mediator, and the date on which mediation is scheduled.

b. Mediation. The mediation must be concluded by no later than **September 17, 2027**. A report of mediation must be filed in accordance with Local Rule 16.05(b) by no later than two (2) business days following mediation. The mediation report may constitute the second required case resolution status report.

3. Report Contents. The parties' joint reports must state the specific steps taken toward case resolution (e.g., that offers or demands were made and responded to, that counsel discussed the parties' positions and specific next steps to promote case resolution, mediation occurred, etc.). In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations.

O. USE OF GENERATIVE ARTIFICIAL INTELLIGENCE. Generative artificial intelligence ("AI") platforms used by attorneys to aid in drafting court filings have been shown to produce content that may be fictitious, factually inaccurate, and legally unsound. As a result, attorneys using AI to prepare pleadings, motions, or other filings in this Court are reminded of their obligations under Fed. R. Civ. P. 11(b) and 26(g), and their ethical obligations under the applicable rules of professional conduct. "New technologies . . . are no substitute for tried-and-true safeguards managed by practicing attorneys. Attorneys have an ethical obligation to verify the citations and propositions they submit to courts; that obligation reflects duties of competence and candor that apply no matter the tools attorneys use." *United States v. Farris*, 171 F.4th 920, 923 (6th Cir. 2026).

P. SUBSEQUENT CASE MANAGEMENT CONFERENCES. The Court does not set subsequent case management conferences or require the parties to file status reports as a matter of course. The parties may request a case management conference by filing a joint motion. The motion must identify all issues to be discussed and detail the status of all case management events. If the purpose of the requested conference is to discuss extending case management deadlines, the motion must comply with the requirements of Section Q below.

Q. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline must be filed at least **seven (7) days** in

advance of the earliest impacted deadline. Unless the motion is filed jointly, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension.

The motion for modification must include the following:

1. The trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion;

2. A statement of counsel that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in advance of the trial date; and

3. Details concerning the moving party's efforts at diligently complying with the originally scheduled deadline and the specific facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

Failure to include the above information may result in denial of the requested extension.

R. ELECTRONIC SERVICE. The Parties agree to service of case-related material not otherwise filed through the Clerk's Office by email attachment in .pdf format in conformance with ECF filing rules, in addition to any other format as agreed, sent via email to all opposing counsel, who shall then accept such electronic service of case-related documents in lieu of the discovery of printouts or other physical copies. The Parties shall provide .doc or .docx (Word) versions of any written discovery request.

S. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS. Any party requesting that documents or portions of documents be sealed, including without limitation for use

as exhibits at trial, must file a motion to seal in accordance with Local Rules 5.03 and 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Typically, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

T. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The jury trial of this action is expected to last approximately three (3) days.[3] A trial date no earlier than **May 23, 2028**, is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Campbell. Motions to modify pretrial deadlines or trial dates must be filed separately for consideration by Judge Campbell.

It is so ORDERED.

LYNDA M. HILL
United States Magistrate Judge

[3] The Parties were also reminded during the case management conference of their option to consent to final dispositive by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rules 73.01. As discussed, if the Parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent, and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for forms. Not consenting will not result in any adverse consequences, and the Notice should be filed only if all parties consent to final disposition by the Magistrate Judge.

APPROVED FOR ENTRY:

**THE EMPLOYMENT & COMMERCE LAW GROUP**

*/s/ G. BRANDON HALL*____________________
G. BRANDON HALL, BPR No. 034027
1625 Broadway, Suite 601
Nashville, Tennessee 37203
(615) 850-0632
bhall@eclaw.com

*Attorneys for Plaintiff*

**SPENCER FANE LLP**

*/s/ JAMES A. CRUMLIN with permission*______
JAMES A. CRUMLIN, JR., BPR No. 019760
BRIANNA GRIFFIN, BPR No. 041449
511 Union Street, Suite 1000
Nashville, Tennessee 37219
jcrumlin@spencerfane.com
bgriffin@spencerfane.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2026, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, which will send notice of the filing to the following:

James A. Crumlin, Jr.
Brianna Griffin
Spencer Fane LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
jcrumlin@spencerfane.com
bgriffin@spencerfane.com
*Attorneys for Defendant*

*/s/ G. Brandon Hall*
G. Brandon Hall